UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ABDUL TAWWAB,

    Petitioner,

v

KENNETH MCKEE,

    Respondent.

_____/

Case No. 1:07-cv-192

HON. JANET T. NEFF

## **OPINION**

This is a habeas corpus petition filed pursuant to 28 U.S.C. § 2254. The matter was referred to the Magistrate Judge, who issued a Report and Recommendation recommending that this Court deny the petition as barred by the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1) (Dkt 34). The matter is presently before the Court on Petitioner's objections to the Report and Recommendation (Dkt 35). In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which objections have been made. Petitioner's objections reveal no error by the Magistrate Judge. The Court therefore denies the objections and issues this Opinion and Final Order. *See* RULES GOVERNING § 2254 CASES, Rule 11 (referring to the order disposing of a habeas petition as a "final order").

Petitioner essentially raises two arguments in support of equitable tolling of the limitations period. First, Petitioner argues that he was unaware that he could file a pro per application for leave

to appeal his conviction and sentence. Second, Petitioner argues that his mental deficiency was a factor in his failure to file a timely habeas petition.

Petitioner's arguments are without merit. A petitioner seeking equitable tolling of the limitations period must establish two elements: "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way.'" *Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). The Magistrate Judge properly concluded that Petitioner failed to establish any basis for equitable tolling (Dkt 34 at 13-15). First, Petitioner failed to pursue his rights diligently since he filed his habeas action more than two years after the limitations period expired. "Ignorance of the limitations period does not toll the limitations period." *Brown v. United States*, 20 F. App'x 373, 375 (6th Cir. 2001) (citing *United States v. Baker*, 197 F.3d 211, 218-19 (6th Cir. 1999)). Second, Petitioner made no factual showing that his mental incapacity was an extraordinary circumstance having a material effect on his failure to file a timely habeas petition. *See Lawrence*, 549 U.S. at 337; *Holland v Florida*, 1339 n.7 (11th Cir. 2008), *cert. granted,* 130 S. Ct. 398 (2009).

Having determined Petitioner's objections lack merit, the Court must further determine pursuant to 28 U.S.C. § 2253(c) whether to grant a certificate of appealability (COA) as to the issues raised. *See* RULES GOVERNING § 2254 CASES, Rule 11 (requiring the district court to "issue or deny a certificate of appealability when it enters a final order"). The Court must review the issues individually. *Slack v. McDaniel*, 529 U.S. 473 (2000); *Murphy v. Ohio*, 263 F.3d 466, 466-67 (6th Cir. 2001).

"When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least,

2

that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. . . . Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Slack*, 529 U.S. at 484. Upon review, this Court finds that reasonable jurists would not find the Court's procedural ruling debatable. A certificate of appealability will therefore be denied.

A Final Order will be entered consistent with this Opinion.


Date: March 8, 2010  /s/ Janet T. Neff
JANET T. NEFF
United States District Judge